# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDI LITTLE, | : | |
| | : | |
| Plaintiff | : | Case No. 5:23-cv-02227-SL |
| | : | |
| v. | : | JUDGE SARA LIOI |
| | : | |
| BLUE STREAM REHAB | : | |
| AND NURSING, LLC, | : | |
| | : | |
| Defendant. | : | |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Blue Stream Rehab and Nursing LLC ("Blue Stream"), Mendel Brecher ("Brecher"), and Dawn Nelson ("Nelson") (collectively, "Defendants") respectfully move to dismiss the claims asserted by Brandi Little ("Plaintiff") against Brecher and Nelson and Count VII in her Complaint for Damages and Reinstatement. These claims and defendants should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A Brief Memorandum in Support of this Motion is attached.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Stephen L. Miller (0101656)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
stephen.miller@lewisbrisbois.com

Counsel for Defendant

1

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff Brandi Little ("Plaintiff") is a former employee of Defendant Blue Stream Rehab and Nursing LLC ("Blue Stream"). The Complaint asserts eight causes of action against Blue Stream, Mendel Brecher ("Brecher"), and Dawn Nelson ("Nelson") (collectively, "Defendants"). This Motion seeks to dismiss Count VII, Wrongful Discharge Based on Public Policy, and the claims against Brecher and Nelson in Plaintiff's Complaint for Damages and Reinstatement (the "Complaint").

Plaintiff alleges that she was employed by Blue Stream pursuant to an eighteen-month employment contract. (Complaint at ¶23 and 27). In fact, Paragraphs 23 and 27 of the Complaint explicitly allege that Plaintiff had an Employment Contract that included a set term of employment. (Complaint at ¶23 and 27). Despite alleging that she was employed pursuant to an employment contract with a set term and, therefore, not an at-will employee, Plaintiff alleges a public policy claim against Blue Stream. (Complaint at Count VII). This public policy claim fails because it is well-settled under Ohio law that in order for an employee to bring a public policy claim that the "employee must have been an employee at-will." *Kusens v. Pascal Co.*, 448 F.3d 349, 364 (6th Cir. 2006).

Plaintiff's claims against Brecher and Nelson in their individual capacity also fail as a matter of law. R.C. 4112.08(A) states, "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment … against a supervisor, manager, or other employee of an employer." In order to avoid the prohibition in R.C. 4112.08, Plaintiff alleges that Brecher and Nelson aided and abetted Blue Stream. (Complaint at ¶153). However, a corporation "cannot conspire with its own agents or employees." *Jackson v. City of Cleveland*, 925 F.3d 793,

2

817 (6th Cir. 2019). Accordingly, because the Complaint alleges that Brecher and Nelson are employees and agents of Blue Stream, Count VIII of the Complaint also fails as a matter of law.

## II.     RELEVANT FACTS

For purposes of this Motion only, Defendants will assume the factual allegations set forth in the Complaint as true. Based on the Rule 12(b)(6) standard set forth below, Counts VII and VIII of the Complaint fail as a matter of law.

Plaintiff is a former Blue Stream employee. (Complaint at ¶ 28). Plaintiff alleges that Blue Stream presented an Offer Letter that included an eighteen-month contract term. (Complaint at ¶22-23). Plaintiff alleges that she accepted the Offer Letter and worked for Blue Stream under an Employment Contract. (Complaint at ¶27).

The Complaint alleges that Nelson was employed by Blue Stream as a Rehab Administrator. (Complaint at ¶47). The Complaint alleges that Nelson was a management employee with the authority to hire, fire, and/or discipline employees. (Complaint at ¶48). The Complaint alleges that Brecher is the owner of Blue Stream. (Complaint at ¶56).

## III.    ARGUMENT

### A.     Standard Of Review.

Defendants are moving to dismiss Counts VII and VIII of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because these claims fail to state a claim upon which relief can be granted. In reviewing a motion to dismiss, a Court construes the complaint "'in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Kilnapp v. City of Cleveland*, CASE NO. 1:22CV1225, 2022 U.S. Dist. LEXIS 223681 *5 (N.D. Ohio Dec. 9, 2022) (*citing Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Dismissal

is warranted if the complaint lacks an allegation as to a necessary [*6] element of the claim raised. *Kilnapp*, 2022 U.S. Dist. LEXIS 223681 *5-6.

**B. Count VII Fails Because Plaintiff Does Not Allege That She Is An At-Will Employee.**

Count VII alleges a claim of wrongful termination in violation of public policy. (Complaint at 140-150). This claim fails because it is well-settled under Ohio law that in order for an employee to bring a public policy claim that the "employee must have been an employee at-will." *Kusens v. Pascal Co.*, 448 F.3d 349, 364 (6th Cir. 2006); *Bardsdale v. Mental Health Servs. For Homeless Persons, Inc.*, Case No. 1:09-cv-2922, 2010 U.S. Dist. LEXIS 40934, *20 (N.D. Ohio April 27, 2010) ("Under Ohio law, he is outside the class of employees entitled to assert a claim pursuant to *Greeley*"); *Haynes v. Zoological Society of Cincinnati*, 73 Ohio St.3d 254, 257 (1995); *Urban v. Osborn Manufacturing, Inc.*, 165 Ohio App. 3d 673, 677 (8th Dist. 2006); *Edwards v. I. Schumann & Co.*, 2007-Ohio-3067, ¶21 (8th Dist. 2007).

In this matter, the Complaint does not allege that Plaintiff was an at-will employee of Blue Stream. To the contrary, Plaintiff alleges that she was employed by Blue Stream pursuant to an eighteen-month employment contract. (Complaint at ¶23 and 27). Based on the clear and unambiguous allegation that Plaintiff was not an at-will employee, Count VII of the Complaint should be dismissed.

**C. Plaintiff's Claims Against The Individual Defendants Fail As A Matter Of Law.**

Count VIII of the Complaint alleges a claim under R.C. 4112.02(J) against Nelson and Brecher. (Complaint at ¶151-157). This claim also fails as a matter of law.

R.C. 4112 is Ohio's counterpart to Title VII, therefore, federal case law interpreting Title VII is applicable to actions brought under R.C. 4112. *Hamilton v. SYSCO Food Servs. Of*

4

*Cleveland, Inc.*, 170 Ohio App.3d 203, 2006-Ohio-6419, 866 N.E.2d 559, ¶ 27 (8th Dist.). It is well-settled that Title VII claims cannot be asserted against individual defendants. *Gibson v. Ind. State Pers. Dep't*, Case No. 1:17-cv-01212-JPH-TAB, 2019 U.S. Dist. LEXIS 37480 *15 (March 8, 2019) ("all individual defendants must be dismissed 'because they do not meet the definition of an 'employer' under Title VII and the ADA"); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1168 (7th Cir. 1998); *E.E.O.C. v. AIC Sec. Investigations, Ltd*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015).

Moreover, in pertinent part, R.C. 4112.08(A) states, "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment … against a supervisor, manager, or other employee of an employer." The statute demonstrates the General Assembly's "intent that individual supervisors, managers, or employees not be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices relating to employment." 2019 Ohio HB 352.

In this matter, the Complaint alleges that Nelson was employed by Blue Stream as a Rehab Administrator. (Complaint at ¶47). The Complaint further alleges that Nelson was a management employee with the authority to hire, fire, and/or discipline employees. (Complaint at ¶48). The Complaint alleges that Brecher is the owner of Blue Stream. (Complaint at ¶56).

In order to avoid the prohibition of individual liability set forth in R.C. 4112.08, Plaintiff alleges that Brecher and Nelson aided and abetted Blue Stream. (Complaint at ¶153). However, a corporation "cannot conspire with its own agents or employees." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). Accordingly, because the Complaint alleges that Brecher and

Nelson are employees and agents of Blue Stream, Count VIII of the Complaint also fails as a matter of law.

### III. <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, Defendants' Motion to Dismiss should be granted and Counts VII and VIII should be dismissed.

                                              Respectfully submitted,

                                              */s/ David A. Campbell*
                                              David A. Campbell (0066494)
                                              Stephen L. Miller (0101656)
                                              Lewis Brisbois Bisgaard & Smith, LLP
                                              1375 E. 9th Street
                                              Suite 2250
                                              Cleveland, OH 44114
                                              Phone: (216) 298-1262
                                              Fax: (216) 344-9421
                                              [david.a.campbell@lewisbrisbois.com](mailto:david.a.campbell@lewisbrisbois.com)
                                              stephen.miller@lewisbrisbois.com

                                              Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of January, 2024, a copy of the foregoing was filed with the Court and served via electronic mail upon the following:

Taurean Shattuck
Taurean.shattuck@spitzlawfirm.com

*Attorney for Plaintiff*

                                          */s/ David A. Campbell*
                                          David A. Campbell (0066494)
                                          *One of the Attorneys for Defendants*