# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Brandi Little, | : | |
| | : | |
| Plaintiff, | : | Case No.: 5:23-cv-02227 |
| | : | |
| v. | : | Judge:  James P. Schuck |
| | : | |
| Blue Stream Rehab and Nursing LLC, | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER

For their Answer[1] to the Complaint with Jury Demand (the "Complaint") filed by Plaintiff Brandi Little ("Plaintiff"), Blue Stream Nursing and Rehab LLC, ("Blue Stream"), Mendel Brecher ("Brecher"), and Dawn Nelson ("Nelson") (collectively, "Defendants"), by and through undersigned counsel, make the following admissions, denials, statements, and defenses:

## PARTIES AND VENUE

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants denies the allegations contained in Paragraph 3 of the Complaint.

---

[1] Defendants have also filed a motion to dismiss the individual defendants and two of the Counts.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court deems a response appropriate, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION & VENUE

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court deems a response appropriate, Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff filed a charge of discrimination, but deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff's charge was dismissed, but deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff's charge was dismissed, but deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegation contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains a legal conclusion to which no response is necessary. To the extent this Court deems a response appropriate, Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response is necessary. To the extent this Court deems a response appropriate, Defendants admit the allegations contained in Paragraph 20 of the Complaint.

## **FACTS**

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint because the Offer Letter speaks for itself.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint because the Offer Letter speaks for itself.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint because the Offer Letter speaks for itself.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint because the Offer Letter speaks for itself.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint because the Offer Letter speaks for itself.

27. Defendants admit that Plaintiff accepted the terms of September 30, 2021, offer letter. Defendants deny all other allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants are without knowledge of the allegations contained in Paragraph 36 of the Complaint and, therefore, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit that Blue Stream employees were permitted to take medical leave without interference. Defendants deny all other allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## COUNT I: BREACH OF CONTRACT

79. Defendants incorporate and restate their responses to Paragraphs 1 through 78 of the Complaint as if fully rewritten herein.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants admit the allegations contained in Paragraph 82 of the Complaint.

83. Defendants admit the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

## COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

87. Defendants incorporate and restate their responses to Paragraphs 1 through 86 of the Complaint as if fully rewritten herein.

88. Paragraph 88 of the Complaint contains a legal conclusion to which no response is required.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains a legal conclusion to which no response is required.

91. Defendants admit the allegations contained in Paragraph 91 of the Complaint.

92. Defendants admit the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

**COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.***

99. Defendants incorporate and restate their responses to Paragraphs 1 through 98 of the Complaint as if fully rewritten herein.

100. Defendants admit the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

**COUNT IV: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

110. Defendants incorporate and restate their response to Paragraphs 1 through 109 of the Complaint as if fully restated herein.

111. Defendants admit the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

**COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000*e et seq.*** 

121. Defendants incorporate and restate their response to Paragraphs 1 through 120 of the Complaint as if fully rewritten herein.

122. Defendants deny the allegations contained in Paragraphs 1 through 122 of the Complaint

123. Paragraph 123 of the Complaint contains a legal conclusion to which no response is required.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

**COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

130. Defendants incorporate and restate their responses to Paragraphs 1 through 129 of the Complaint as if fully rewritten herein.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Paragraph 132 of the Complaint contains a legal conclusion to which no response is required.

133. Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint contains a legal conclusion to which no response is required.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

**COUNT VII: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

140. Defendants incorporate and restate their responses to Paragraphs 1 through 139 of the Complaint as if fully rewritten herein.

141. Paragraph 141 of the Complaint contains a legal conclusion to which no response is required.

142. Paragraph 142 of the Complaint contains a legal conclusion to which no response is required.

143. Paragraph 143 of the Complaint contains a legal conclusion to which no response is required.

144. Paragraph 144 of the Complaint contains a legal conclusion to which no response is required.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

**COUNT VIII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(J)**

151. Defendants incorporate and restate their answers to Paragraphs 1 through 149 of the Complaint as if fully rewritten herein.

152. Paragraph 152 of the Complaint contains a legal conclusion to which no response is required.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in the Prayer for Relief section of the Complaint.

159. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition,

nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendants' Motion to Dismiss should be granted.

3. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

4. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

5. Plaintiff failed to exhaust her administrative remedies.

6. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

7. Plaintiff has not sustained any damages proximately caused or actually caused by Defendants.

8. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages and/or alleged injuries.

9. Based on after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendants are barred by the doctrine of after-acquired evidence.

10. Plaintiff's claims are barred because all of the decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Plaintiff's FMLA request, or alleged protected activity.

11. Plaintiff's claims are barred on the grounds that Plaintiffs failed to provide notice to Defendants of any discrimination or harassment, if any, and/or failed to pursue internal

procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

12. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendants took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

13. Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

14. Plaintiff's claims fail because Defendants acted in good faith at all times.

15. Some or all of Plaintiff's claims are limited and/or barred by Ohio's' Tort Reform Act.

16. Plaintiff has not and is not suffering from emotional distress.

17. To the extent that Plaintiffs claim punitive damages in her Complaint – which Defendants deny – the claims are barred because the alleged acts or omissions of Defendants: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

18. One or more of Plaintiff's claims fail as a matter of law because Plaintiff unreasonably failed to take advantage of Defendants' complaint procedures.

19. To the extent that Plaintiff claims punitive damages in his Complaint – which Defendants deny – the claim is barred because any allegedly discriminatory behavior is contrary to Defendants' good faith efforts to comply with all applicable state and federal laws.

20. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendants deny – the claim is barred and any award of such damages would violate Defendants' rights under the federal and state constitutions.

21. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

22. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than these answering Defendant.

23. One or more of Plaintiff's claims fail because her discharge would have occurred regardless of Plaintiff's request or taking of FMLA leave.

24. Plaintiff cannot meet the but for standard applicable to her FMLA claim.

25. One or more of Plaintiff's claims fail because Plaintiff's requests for leave did not qualify under the FMLA.

26. One or more of Plaintiff's claims fail because Plaintiff failed to comply with the requirements of FMLA leave.

27. Plaintiff was granted all leave time that was requested.

28. One or more of Plaintiff's claims fail because she did not fulfill the requirements of her employment.

29. One or more of Plaintiff's claims are barred because Plaintiff breached the terms of the employment contract.

30. One or more of Plaintiff's claims are barred because Defendants did not breach the terms of the employment contract.

31. One or more of Plaintiff's claims fail because Plaintiff did not suffer an adverse action.

32. One or more of Plaintiff's claims fail because Defendants conducted a full and fair investigation once it was notified of the alleged misconduct.

33. One or more of Plaintiff's claims fail because she cannot meet the but for standard for discrimination claims.

34. Plaintiff cannot prove pretext.

35. Plaintiff cannot prove a prima facie case of discrimination.

36. Defendant Brecher is not properly named in this lawsuit.

37. Defendant Mendel is not properly named in this lawsuit.

38. A supervisor of a company cannot aid and abet the corporation.

39. The owner of a corporation cannot aid and abet the corporation.

40. The intra-company doctrine bars Plaintiff's claims.

41. No criminal act was committed.

42. Plaintiff cannot meet the but for standard.

43. Plaintiff did not partake in a protected activity.

44. Plaintiff was not qualified for her position.

45. Plaintiff cannot meet the but for standard for discrimination or retaliation claims.

46. Plaintiff partook in highly inappropriate misconduct.

47. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed in its entirety, with prejudice, including reasonable attorneys' fees, and such other relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Stephen L. Miller (0101656)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
stephen.miller@lewisbrisbois.com

Attorneys for Defendants

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby respectfully demands a trial by jury on all issues so triable and that the jury be composed of the maximum number of jurors permitted by law.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
*One of the Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day January, 2024 a copy of the foregoing was filed with the Court and served via electronic mail upon the following:

Taurean J. Shattuck
Taurean.shattuck@spitzlawfirm.com

*Attorney for Plaintiff*

> */s/ David A. Campbell*_____
> David A. Campbell (0066494)
> *One of the Attorneys for Defendant*