IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDI LITTLE, | ) | CASE NO.: 5:23-CV-02227-SL |
| | ) | |
| Plaintiff, | ) | JUDGE: SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE STREAM REHAB AND NURSING, | ) | |
| LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

## I.  INTRODUCTION

Defendants' Motion to Dismiss is without merit. First, Defendants try to convince this Court to dismiss Plaintiff Brandi Little's claim for Wrongful Termination in Violation of Public Policy, arguing that in her Complaint she only averred that she was working for Defendants under an employment contract rather than also averring that she was an at-will employee, while simultaneously denying that any contractual relationship existed between the parties. Defendants simply cannot have their cake and eat it too. While the Court may ultimately rule in this matter that a contractual relationship existed between the parties, or conversely, that no contract existed, thus making Little an employee at-will, it is simply premature at the Motion to Dismiss stage of this matter to dismiss one of the claims where this distinction would be necessary.

Then, Defendants also try to convince this Court to dismiss the individual Defendants, Mendel Brecher and Dawn Nelson, arguing that as a matter of law Little's state-law discrimination claims do not give rise to individual liability. However, Defendants point to the incorrect

subsection of R.C. § 4112.08. In its Motion, Defendants point to subsection (A) which prohibits individual liability for unlawful discriminatory practices described in R.C. § 4112.01(A)(24)(a), which specifically carves out liability under R.C. § 4112.02(I) (Retaliation) and R.C. § 4112.02(J) (Aiding and Abetting). Accordingly, and as more fully described below, Ohio law still allows for individual liability under subsections (I) and (J) of R.C. § 4112.02.

Based on these reasons and the reasons below, this Court should deny Defendants' Motion in its entirety.

## I.  <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

Little is a former employee of Defendant Blue Stream Rehab and Nursing, LLC ("Blue Stream").[1] At the inception of her employment, Little signed an offer letter from Blue Stream that contained a provision reflecting an 18-month employment term, among other provisions.[2] Little signed the offer letter, accepting the terms laid out in the offer letter.[3] On or around January 26, 2023, less than 18 months after her employment began, Defendants terminated Little's employment.

Subsequent to her termination, Little filed her Complaint in this matter. The Complaint includes a number of claims, including Wrongful Termination in Violation of Public Policy (Count VII) and Aiding and Abetting in violation of R.C. § 4112.02(J).[4]

---

[1] See Compl.
[2] *Id.*
[3] *Id.*
[4] *Id.*

## I.     MOTION TO DISMISS STANDARD

Federal Rules of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] This requirement provides that a plaintiff need only "give the defendant fair notice of what the claim is and the grounds upon which it rests."[6]

A motion to dismiss for failure to state a claim can be granted only when it appears that the plaintiff can prove no set of facts entitling her to recovery.[7] When reviewing a complaint upon a motion to dismiss for failure to state a claim, courts are required to "**construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all *reasonable* inferences in favor of the plaintiff.**"[8] The moving party bears the initial burden of informing the district court of the basis for its motion.[9]

In reviewing a motion to dismiss, the court is not to weigh evidence or assess credibility, but rather to determine whether the complaint on its face contains cognizable claims.[10]

## II.     LITTLE SUFFICIENTLY PLED COUNT VII IN THE ALTERNATIVE, THUS BRINGING A LEGALLY-COGNIZABLE CLAIM.

### A.  The Federal Rules Of Civil Procedure Allow Plaintiffs To Plead In The Alternative, Especially In Contract Cases Where The Existence Of A Contractual Relationship Is In Dispute.

Rule 8 of the Federal Rules of Civil Procedure governs pleadings made in federal court. Specifically, subsection (a)(3) allows for plaintiffs to plead allegations in the alternative, especially when certain facts in the matter are in dispute. Additionally, the Sixth Circuit Court of Appeals

---

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[6] *Id.*
[7] *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).
[8] *Id.* (emphasis added).
[9] *Id.*
[10] *Westside Mothers v. Olszewski*, 454 F.3d 532, 537 (6th Cir. 2006).

has held that "Rule 8(a)(3) permits pleadings in the alternative 'when, for instance, there is a dispute between the parties as to whether an express agreement exists.'"[11]

Here, Defendants are correct that Little avers in her Complaint that the terms contained in her offer letter, to which she agreed, created a contractual relationship.[12] However, Defendants also deny the existence of the contractual relationship created by the offer letter signed by Little.[13] As there is a dispute of fact as to the existence of the contractual relationship, there is also a dispute of fact as to whether Little was an employee under an employment contract or an employee at-will. Accordingly, this Court should deny Defendants' Motion in its entirety, or, in the alternative, stay its ruling on this matter until sufficient discovery is conducted to determine whether a contractual relationship exists, or if Little was in fact an employee at-will.

**B.  The Motion To Dismiss Stage Is Premature To Rule Whether Or Not Little Was An At-Will Employee.**

In the Sixth Circuit, there is a presumption that employment is presumed to be at-will when there is a dispute regarding the nature of an employment contract.[14] Further, the *Kusens* court noted that to establish a claim for wrongful termination in violation of public policy, the plaintiffs must ***prove*** that he or she was an employee at-will.[15]

Notably, none of the cases cited in Defendants' Motion to Dismiss were decided at the same stage that Defendants are asking this Court to rule, but were rather decided at the summary judgment stage or at trial.[16] This is because, especially in the cases where the existence of a contractual relationship is in dispute, fact discovery to determine whether the employee was an

---

[11] *Solo v. United Parcel Service Co.*, 819 F.3d 788, 796 (6th Cir. 2016), quoting *Bolers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833-34 (E.D. Mich. 2014).
[12] See Compl.
[13] See Defendants' Answer.
[14] *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 366 (6th Cir. 2006).
[15] *Id.*, citing *Strausbaugh v. Ohio Dept. of Transporation*, 782 N.E.2d 92 (10th Dist. 2002).
[16] See Defendants' Motion to Dismiss.

employee at-will or a contract employee was needed. Accordingly, at minimum, this Court should deny Defendants' Motion to allow for discovery to occur to aid the parties to determine whether the offer letter signed by Little created a contractual relationship with Defendants.

**III.**    **DEFENDANTS NELSON AND BRECHER ARE "PERSONS" IN ACCORDANCE WITH R.C. § 4112.02(J), AND ARE THUS POTENTIALLY LIABLE FOR THEIR ACTIONS IN THIS MATTER.**

To show that an individual is liable for aiding and abetting in violation of R.C. § 4112.02(J), Little would have to show that the individual "actively participate[d] in, or otherwise facilitate[d], another's discriminatory act in violation of R.C. § 4112.02."[17] Here, Defendants argue that R.C. § 4112.08(A) provides that individual employees cannot be held liable for discrimination or retaliation.[18] Defendants make reference to the law being amended in 2021, which was H.B. 352.[19]

Every court that has considered the impact of H.B. 352 has held that claims may still be asserted against individuals under sections (I) and (J), **to include claims based on "acts done in the scope of employment."** Directly on point, in *Williams v. Barton Marlow Co*., the District Court for the Northern District of Ohio held:

> Most relevant to this case, H.B. 352 eliminated supervisor liability for some employment discrimination claims by re-defining the term employer. H.B. 352, 133rd Gen. Assemb. (Ohio 2021). The term employer previously included "any person acting directly or indirectly in the interest of an employer." *Id*. at 7. The legislature eliminated that language and declared its intent that "individual supervisors, managers, or employees not be held liable" for **certain** unlawful employment practices under Ohio Rev. Code Ann. § 4112.02, including sex discrimination. *Id*. at 33.
>
> However, **that change does not apply to § 4112.02(I), claims for retaliation, or § 4112.02(J), claims for aiding and abetting discrimination or retaliation**. **Those sections provide that it is unlawful for "any person" rather than "any employer" to engage in retaliation or aiding and**

---

[17] *Johnson-Newberry v. Cuyahoga County Child and Family Services*, 144 N.E.3d 1058, 1064 (8th Dist. 2019).
[18] Defendant's Motion to Dismiss.
[19] *Id.*

**abetting discrimination or retaliation**. And the law defines "person" to
include broadly "one or more individuals."[20]

More recently, in *Bostick v. Salvation Army*, the Eight District Court of Appeals held:

> We note that H.B. 352 does not extend to retaliation claims. See R.C.
> 4111.02(I) (prohibiting "*any person*" from discriminating "in any manner
> against any other person because that person has opposed any unlawful
> discriminatory practice defined in this section * * *.") [21]

And, in *Anderson v. Bright Horizons Children's Centers, LLC*, the Tenth District Court of

Appeals expressly rejected the very "derivative" or "rebranding" position taken by the

Commission in this matter:

> Anderson argues that the trial court erred in granting Delaney summary
> judgment on her claim that Delaney violated R.C. 4112.02(J) by aiding and
> abetting Bright Horizons in discriminating against her. R.C. 4112.02(J)
> makes it unlawful "[f]or any person to aid, abet, incite, compel, or coerce the
> doing of any act declared by this section to be an unlawful discriminatory
> practice." **Delaney argues this claim fails because it is derivative of
> Anderson's other claims. Because we have concluded that Anderson's
> claim for "regarded as" disability discrimination should have survived
> summary judgment, this claim should also survive summary judgment**.
> Accordingly, we sustain Anderson's fifth assignment of error.[22]

Also, in *Martcheva v. Dayton Board of Education*, the Second District Court of Appeals

held that allegations that a person actively participated in or facilitated discrimination are sufficient

to make out a claim for aiding and abetting under Section (J):

> R.C. 4112.02(J) states that no person shall "aid, abet, incite, compel, or
> coerce the doing of any act declared * * * to be an unlawful discriminatory
> practice, to obstruct or prevent any person from complying with this chapter
> * * *, or to attempt directly or indirectly to commit any act declared * * * to
> be an unlawful discriminatory practice." Courts have held that t**o aid and
> abet, a person must "actively participate in, or otherwise facilitate,
> another's discriminatory act in violation of R.C. 4112.02**."[23]

---

[20] 581 F.Supp.3d 923, 927 (N.D.Ohio, 2022)(**Emphasis** added).

[21] 2023 -Ohio- 933, ¶ 73, 2023 WL 2609084, at *11 (Ohio App. 8 Dist., 2023)(*Emphasis* in original).

[22] 2022 -Ohio- 1031, ¶ 75, 2022 WL 910157, at *14 (Ohio App. 10 Dist., 2022).

[23] 179 N.E.3d 687, 706, 2021 -Ohio- 3524, ¶ 74 (Ohio App. 2 Dist., 2021)(citing *Johnson-Newberry v. Cuyahoga Cty*., 2019-Ohio-3655, 144 N.E.3d 1058, ¶ 21 (8th Dist.). ( **Emphasis** added).

Likewise, in *Spahija v. Rae-Ann Holdings, Inc.,* the Honorable Judge Donald Nugent rejected arguments by the employer that the plaintiff had merely "rebranded" his claims against his supervisors as section (J) claims:

> In his Complaint, Mr. Spahija states generally that his claims arise under Ohio Revised Code § 4112 et seq. and argues, in briefing, that he has alleged valid claims against Individual Defendants Sue and John Griffiths under Section 4112.02(J).
>
> * * *
>
> Section 4112.01(A)(1) defines person, in relevant part, as "one or more individuals, ... corporations, legal representatives, ... and other organized groups of persons" and "also includes, but is not limited to, any owner, ... agent, employee." As set forth above, Mr. Spahija alleges that he sent an email to Individual Defendants Sue and John Griffiths – the Principals of Rae Ann who were also his managers/supervisors – requesting a reasonable religious accommodation during holy month of Ramadan; that his request was refused by Sue and John Griffiths; and, that Rae-Ann and Individual Defendants Sue and John Griffiths, wrongfully retaliated against him, terminating his employment. **Individual Defendants Sue and John Griffiths are "persons" – they are individuals/owners/agents/employees of Rae Ann and the decision-makers relative to Mr. Spahija's termination**. The allegations set forth in the Complaint are sufficient to state a claim against the Individual Defendants under Section 4112.02(J).

Finally, in *Argyriou v. David A. Flynn, Inc*., the Honorable Judge J. Phillip Calabrese distinguished claims brought under Ohio R.C. § 4112.02(A) and (J), holding that while claims brought under (A) may only be brought against an employer, (J) claims may be brought against individuals who aid or abet the employer's violation of division (A):

> What is clear is that Section 4112.02(J) on its face applies to persons—unlike Section 4112.02(A), which applies only to employers. *Gibbs v. Meridian Roofing Corp*., No. 1:17-cv-245, 2017 WL 6451181, at *6 (S.D. Ohio Dec. 18, 2017); accord *Siwik v. Cleveland Clinic Found*., No. 1:17-cv-1063, 2019 WL 1040861, at *27 (N.D. Ohio Mar. 5, 2019) ("§ 4112.02(J) does provide for employees...to be held liable for aiding and abetting its employer's discriminatory or retaliatory practice."). Given the close relationship between Mr. Flynn and his company, and because he was the individual who terminated Ms. Argyriou, a reasonable jury could find on this record that Mr. Flynn violated Section 4112.02(J) and has individual liability

for Ms. Argyriou's termination. Therefore, summary judgment for Mr. Flynn is not warranted on this claim either.[24]

While H.B. 352 imposed new limitations on individual liability in unlawful discriminatory employment practices under Chapter 4112, it did not eliminate individual liability entirely. Ohio R.C § 4112.051(C)(1) provides that, "no person has a cause of action of claim based on unlawful discriminatory practice relating to employment *described in division A(24)(a) of section 4112.01(A)(24) of the Revised Code* (emphasis added) against a supervisor, manager, or other employee of an employer, unless that supervisor, manager, or other employee is the employer."[25] The "unlawful discriminatory practice relating to employment" described in Ohio R.C. § 4112.01(A)(24)(a) are **only** those prohibited by Ohio R.C. § 4112.02(A)-(F).[26] This list specifically excludes practices that arise from Ohio R.C. § 4112.02(I) and (J), which are broad provisions allowing for "any person" to be held liable for their actions under the statute, as those are housed in Ohio R.C § 4112.01(A)(24)(b).[27] Importantly, neither subsections (I) nor (J) were altered in anyway by H.B. 352, demonstrating that the legislator intended to leave individual liability intact for these purposes. Indeed, the change in language imposed on Ohio R.C. § 4112.051(C)(1) by H.B. 352 specifically excludes the practices under Ohio R.C. § 4112.02(I) and (J):

> Any person who believes that a person has been the subject of an unlawful discriminatory practice relating to employment may file a charge with the commission alleging **either or both** of the following:

> \* \* \*

---

[24] 2021 WL 766865, at \*15 (N.D.Ohio, 2021).

[25] Ohio R.C. §4112.051(C)(1)

[26] Ohio R.C. §4112.01(A)(24)(a)

[27] See Ohio R.C §4112.01(I): "It shall be an unlawful discriminatory practice…(I) For *any person* to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

See also Ohio R.C. §4112.02(J): "It shall be an unlawful discriminatory practice…(J) For *any person* to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

(b) That **a person has engaged** in an unlawful discriminatory practice relating to employment **described in division (A)(24)(b) of section 4112.01** of the Revised Code.[28]

Importantly, division (A)(24)(b) of section 4112.01 specifically singles out (J) and (I) claims as distinct from those listed under (A)(24)(a):

(b) An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.[29]

Here, Little's Complaint avers that Defendants Nelson and Brecher, persons as defined under R.C. § 4112.01, aided, abetted, compelled, incited, and/or coerced the race discrimination she endured while employed at Blue Stream. Accordingly, Little alleged a viable and recognized claim under Ohio law against Nelson and Brecher, and this Court should deny Defendants' Motion to Dismiss in its entirety.

## IV.    CONCLUSION

Based on the foregoing reasons, Little respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

*/s/ Taurean J. Shattuck*

Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Taurean.Shattuck@SpitzLawFirm.com

*Attorney for Plaintiff*

---

[28] (**Emphasis** added).
[29] R.C. §4112.051(C)(1) (**Emphasis** added).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 18, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Taurean J. Shattuck*

Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**