IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRANDI LITTLE,** | |
| Plaintiff, | CASE NO. 5:23-CV-02227-SL |
| vs. | JUDGE SARA LIOI |
| **BLUE STREAM REHAB AND NURSING, LLC,** *et al.* | |
| Defendants. | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Blue Stream Rehab and Nursing LLC ("Blue Stream"), Mendel Brecher ("Brecher"), and Dawn Nelson ("Nelson") (collectively, "Defendants"), respectfully submit this Reply Brief in Support of their Motion to Dismiss the claims asserted by Brandi Little ("Plaintiff") against Brecher and Nelson, and Count VII in her Complaint. Plaintiff's Brief in Opposition does not overcome why these claims fail: (1) As a contracted employee, Plaintiff cannot assert a wrongful termination in violation of public policy claim; (2) Plaintiff cannot pursue claims against the individual Defendants because they are precluded by statute and violate the intent of the Ohio legislature. Accordingly, Defendants' Motion to Dismiss should be granted.

A brief memorandum in support of this motion is attached.

Respectfully submitted,

*/s/ David Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
Gordon Rees Scully Mansukhani
600 Superior Avenue East, Suite 1300
Cleveland, Ohio 44114
Phone: 216-302-2531
Fax: 216-539-0026
Dcampbell@grsm.com
tchai@grsm.com
*Counsel for Defendants Blue Stream Rehab and Nursing LLC, Mendel Brecher, and Dawn Nelson*

**MEMORANDM IN SUPPORT**

I. **PLAINTIFF WAS NOT AN AT-WILL EMPLOYEE AND THEREFORE, CANNOT PURSUE HER PUBLIC POLICY CLAIM**

Defendants move to dismiss Count VII of the Complaint, Plaintiff's wrongful termination in violation of public policy claim. The governing case law is unambiguous: in order for an employee to bring a public policy claim, the "employee must have been an employee at-will." *Kusens v. Pascal Co.*, 448 F.3d 349, 364 (6th Circ. 2006). Plaintiff alleges in the Complaint that she was employed by Blue Stream pursuant to an eighteen-month employment contract. In fact, Plaintiff admits in her Brief in Opposition that "Little avers in her Complaint that the terms contained in her offer letter, to which she agreed, created a contractual relationship." Her own allegations are fatal to her claim, as when reviewing a motion to dismiss courts are required to "construe the complaint in the light most favorable to the plaintiff, **accept its allegations as true**, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Plaintiff attempts to sidestep this glaring issue by mentioning that Defendants denied the existence of the contractual relationship in their answer, but this cannot circumvent the standard for a motion to dismiss. *Killnapp v. City of Cleveland*, CASE NO. 1:22CV1225, 2022 U.S. Dist. LEXIS 223681 *5 (N.D. Ohio Dec. 9, 2022)(*citing Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiff's own allegations, which must be accepted as true, defeat her public policy claim. Drawing all reasonable inferences in her favor, Plaintiff cannot be found to be an at-will employee and therefore, cannot pursue the public policy claim. *Kusens*, at *364.

Realizing that Plaintiff's allegations are self-defeating, Plaintiff asserts she sufficiently pled Count VII in the alternative, and therefore, discovery must be allowed to determine whether a contractual relationship exists. However, the Complaint does not even allege that Plaintiff was

3

an at-will employee of Blue Stream. Moreover, this is simply a factual inquiry, and when Plaintiff's allegations are accepted as true, she is precluded from pursuing a public policy claim.

## II. PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS FAIL AS A MATTER OF LAW

Defendants also move to dismiss the claims against Brecher and Nelson in their individual capacity based on the clear directive of R.C. 4112.08(A)[1]: "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment…against a supervisor, manager, or other employee of an employer." The statute affirms the General Assembly's "intent that individual supervisors, managers, or employees cannot be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices related to employment."

Plaintiff attempts to bypass the restriction of individual liability in R.C. 4112.08 by alleging that Brecher and Nelson aided and abetted Blue Stream. However, Plaintiff failed to address Defendants' position that a corporation "cannot conspire with its own agents or employees." *Jackson v. City of Cleveland,* 925 F.3d 793, 817 (6th Cir. 2019). Further, Plaintiff references cases that are not from the Sixth Circuit or the Ohio Supreme Court, and therefore, do not supersede the unambiguous intent of the Ohio legislature. Because the Complaint alleges that Brecher and Nelson are employees and agents of Blue Stream, Count VIII of the Complaint fails as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted and Counts VII and VIII of Plaintiff's Complaint should be dismissed.

---

[1] R.C. 4112 is Ohio's counterpart to Title VII. Federal case law interpreting Title VII is applicable to actions brought under R.C. 4112. *Hamilton v. SYSCO Food Servs. Of Cleveland, Inc.,* 170 Ohio App.3d 203, 2006-IOhio-6419, 866 N.E. 2d 559 ¶ 27 (8th Dist.).

Respectfully submitted,

*/s/ David Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
Gordon Rees Scully Mansukhani
600 Superior Avenue East, Suite 1300
Cleveland, Ohio 44114
Phone: 216-302-2531
Fax: 216-539-0026
Dcampbell@grsm.com
tchai@grsm.com
*Counsel for Defendants Blue Stream Rehab and Nursing LLC, Mendel Brecher, and Dawn Nelson*

Case: 5:23-cv-02227-SL  Doc #: 12  Filed:  01/25/24  6 of 6.  PageID #: 117

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed with the Court and served by electronic mail on this 25th day of January, 2024, to the following counsel of record:

Taurean Shattuck
Taurean.shattuck@spitzlawfirm.com
*Counsel for Plaintiff*

                                         s/ *David Campbell*
                                         *Counsel for Defendants*

Little - Reply Brief in Support of Motion to Dismiss - 1/25/2024 3:06 PM