**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDI LITTLE, | ) | CASE NO. 5:23-cv-2227 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| BLUE STREAM REHAB AND NURSING, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Pending before the Court is the motion of defendants, Blue Stream Rehab and Nursing, LLC, Mendel Brecher, and Dawn Nelson (jointly, "defendants") to dismiss claims for discharge in violation of public policy and aiding and abetting discrimination pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 6 (Motion).) Plaintiff Brandi Little ("Little") filed an opposition to the motion (Doc. No. 11 (Opposition)), and defendants filed a reply (Doc. No. 12 (Reply)). For the reasons set forth herein, the motion to dismiss is DENIED.

**I.  BACKGROUND**

Little began her employment at Blue Stream Rehab and Nursing, LLC ("Blue Stream") on October 25, 2021. (Doc. No. 1 (Complaint) ¶ 29.) Prior to beginning her employment, Little signed an offer letter, the terms of which are disputed. (*Compare* Doc. No. 1 ¶ 23 *with* Doc. No. 7 (Answer) ¶ 23.) Little claims that the letter offered an eighteen-month contractual term of employment. (Doc. No. 1 ¶ 23.) Defendants deny this allegation. (Doc. No. 7 ¶ 23.)

Little, an African American, worked as an Admission and Marketing Director. (*Id.* ¶ 30–31.) In the course of her employment at Blue Stream, Little alleges she was subject to numerous discriminatory and otherwise unlawful acts. She brought claims against the defendants for racial

discrimination, retaliation for opposing racial discrimination, aiding and abetting racial discrimination, interference with rights under the Family and Medical Leave Act, discharge in violation of public policy, and breach of contract. (*Id.* ¶¶ 72–78.) Little alleges that two employees in particular, Mendel Brecher ("Brecher") and Dawn Nelson ("Nelson") were responsible for many of these acts. (*See id.* ¶¶ 7, 9.) She further alleges that Brecher, Blue Stream's owner, and Nelson, a Rehab Administrator, had the authority to hire, fire, and discipline employees such as herself. (*See id.* ¶¶ 48, 57.)

Two of Little's claims are relevant at this stage: first, that she was discharged in violation of public policy (Count VII) and second, that Brecher and Nelson aided and abetted Blue Stream in discriminating against her (Count VIII). To the first, Little alleges that Brecher instructed her to change patient insurance information without the knowledge or consent of the patients. (*Id.* ¶¶ 55–68.) Believing that the changes she was ordered to make were illegal, Little complained to management. (*Id.* ¶ 69–70.) She alleges that defendants retaliated against her for complaining that such changes were illegal, and that she was ultimately discharged in violation of public policy for reporting insurance fraud. (*Id.* ¶¶ 73, 77.)

Little also claims that Brecher and Nelson "aided, abetted, incited, coerced, and/or compelled" discrimination against her in violation of Ohio Rev. Code § 4112.02(J). (*Id.* ¶¶ 152–53.) Little alleges both that Brecher and Nelson aided and abetted Blue Stream in discriminating against her, and that Brecher and Nelson aided and abetted her discriminatory termination. (*Id.* ¶¶ 153–54.)

Little was terminated on January 26, 2023. (*Id.* ¶ 74.) She filed a charge of discrimination with the Ohio Civil Rights Commission (the "OCRC") and the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the alleged conduct. (*Id.* ¶ 12.) On July 27, 2023,

the OCRC issued Little a Notice of Right to Sue. (*See* Doc. No. 1-3.) The EEOC issued a Notice of Right to Sue on September 6, 2023. (*See* Doc. No. 1-2; *see also* Doc. No. 1 ¶ 14.) Little filed her complaint on November 16, 2023. (*See generally* Doc. No. 1.) Defendants have since answered and filed a motion to dismiss the claims in Counts VII (discharge in violation of public policy) and VIII (aiding and abetting discrimination) of the complaint. (*See generally* Doc. No. 6; *see also* Doc. No. 7.)

## II.     LEGAL STANDARD

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the sufficiency of the complaint is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a plaintiff to allege sufficient facts that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests[.]" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quotation marks and citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679

(quoting Fed. R. Civ. P. 8(a)(2) (second alteration in original)). In such a case, the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 683.

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (citation and internal quotation marks omitted) (emphasis in original), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).

## III. DISCUSSION

Defendants move to dismiss Little's claim of discharge in violation of public policy (Count VII) on the grounds that she has not pled at-will employment status. (Doc. No. 6, at 4.[1]) Defendants also move to dismiss Little's claim pursuant to Ohio Rev. Code § 4112.02(J) (Count VIII) (the "aiding and abetting" claim). (*Id.* at 4–6.) Defendants make several arguments regarding changes in Ohio law, the application of Title VII, and the intracorporate conspiracy doctrine in support of their motion to dismiss the aiding and abetting claim. (*Id.*)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

4

### A. Discharge in Violation of Public Policy

In Count VII of her complaint, Little alleges discharge in violation of public policy. Discharge in violation of public policy is an Ohio state law claim that applies only to at-will employees. *Kusens v. Pascal Co.*, 448 F.3d 349, 364 (6th Cir. 2006) (collecting cases). In their motion to dismiss, defendants argue that the Court should dismiss the claim for discharge in violation of public policy because Little alleges that she was a contractual employee. (Doc. No. 6, at 4.) Little responds that she is entitled to maintain a claim for discharge in violation of public policy at this stage of the proceedings because the defendants dispute the existence or terms of her employment contract. (Doc. No. 11, at 3–4.)

A plaintiff is permitted to plead alternative claims. Fed. R. Civ. P. 8(a)(3). "Rule 8(a)(3) permits pleadings in the alternative 'when, for instance, there is a dispute between the parties as to whether an express agreement exists.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016) (quoting *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833–34 (E.D. Mich. 2014)). This is so even when the plaintiff pleads inconsistent claims. Fed. R. Civ. P. 8(d)(3); *see Ajuba Int'l, LLC v. Saharia*, 871 F. Supp. 2d 671, 688 (E.D. Mich. 2012) ("Under Rule 8, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims.") (internal quotation marks and citation omitted).

In *Solo*, the plaintiff asserted claims for both breach of contract, available only where a valid contract exists, and unjust enrichment, available only where a contract does not exist. *Solo*, 819 F.3d at 796. The plaintiff's complaint alleged that a valid and binding agreement existed between the parties. *Id.* The defendant, for its part, never answered the complaint to weigh in on the existence of a contract. *Id.* Observing the paucity of information available at the motion to dismiss stage, the Sixth Circuit found that "it would be improper to prematurely conclude that [the defendant] will not dispute this allegation in subsequent stages of the proceedings." *Id.* The

plaintiff properly asserted alternative claims "[i]n light of the lack of information" at that stage of the pleadings. *Id.*

Here, there is not a mere possibility that defendants may later dispute the existence of a contract; defendants have already disputed the existence of a contract. Little alleges that a valid employment contract existed for a term of eighteen months. (Doc. No. 1 ¶ 23.) Defendants deny this allegation, instead answering that the "Offer Letter speaks for itself." (Doc. No. 7 ¶ 23.) The Offer Letter is not before the Court, and the parties do not agree on its terms, if any. If it turns out that Little was not employed pursuant to an employment contract, then she was an at-will employee at the time of her termination. *Haven v. Lodi*, 200 N.E.3d 395, 400 (Ohio Ct. App. 2022) (citing *Mers v. Dispatch Printing Co.*, 483 N.E.2d 150, 153 (Ohio 1985)) ("As a general rule, Ohio follows the doctrine of employment at-will."). Because it is unclear at this stage whether Little was an at-will employee, and therefore able to claim discharge in violation of public policy, or a contractual employee, it would be improper for the Court to prematurely dismiss her claim for discharge in violation of public policy.

Defendants cite several cases for the proposition that Little must plead her at-will status to maintain a claim for discharge in violation of public policy. (*See* Doc. No. 12, at 3–4.) First, defendants point out that the court in *Kusens* held that the plaintiff bringing a claim for discharge in violation of public policy must "plead and prove that he was an employee at will." (Doc. No. 12, at 3); 448 F.3d at 364 (citation omitted). But *Kusens* was not decided at the motion to dismiss stage. *See* 448 F.3d at 354–56. Rather, the district court in *Kusens* entered judgment as a matter of law following a jury verdict in favor of the plaintiff, finding that the plaintiff had "neglected to plead or present any evidence that he was an at-will employee" at trial. *Id.* at 355 (quoting *Kusens v. Pascal Co., Inc.*, 1:02-cv-879, slip op. at 1–2 (N.D. Ohio filed Feb. 23, 2003)). The plaintiff

filed a motion to alter judgment or, in the alternative, for a new trial, which was subsequently denied. *Id.* On appeal, the Sixth Circuit affirmed the district court because the "discharged employee [failed] to prove at trial that he was an employee at-will[.]" *Id.* at 364.

Similarly, in *Strausbaugh v. Ohio Dept. of Transp.*, the court found that the plaintiff had "neither pled nor proved that he was an employee at[-]will[.]" 782 N.E.2d 92, 100 (Ohio Ct. App. 2002). Again, that appeal was taken after a trial at which the plaintiff had failed to offer evidence that he was an at-will employee. *See id.* at 94–95. On appeal, the Tenth District Court of Appeals of Ohio found that "[t]he evidence indicates that [the plaintiff] was subject to a collective bargaining agreement . . . . Thus, he is not an at-will employee." *Id.* at 100. Finally, the other cases cited by defendants pertain only to the standard to be applied at the motion to dismiss stage. They do not address the issue of alternative pleadings, and they are not counter to the rule as expressed in *Solo*. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *see also Kilnapp v. City of Cleveland*, 1:22-cv-1225, 2022 WL 17582577, at *5 (N.D. Ohio Dec. 9, 2022) *aff'd sub nom*, *Kilnapp v. City of Cleveland, Ohio*, No. 22-4059, 2023 WL 4678994 (6th Cir. July 21, 2023).

No evidence has been presented in this case. In fact, the offer letter at the heart of the parties' dispute is not even before the Court. At this stage of proceedings, in the light of the dispute between the parties and the lack of evidence, Little is permitted to maintain her alternative claim for wrongful discharge in violation of public policy. Defendants' motion to dismiss the discharge in violation of public policy claim found in Count VII of the complaint is DENIED.[2]

---

[2] While defendants' motion to dismiss the discharge in violation of public policy claim is denied at this stage, the Court questions whether such a claim will ultimately survive given case law limiting claims for discharge in violation of public policy where there are specific statutes that provide adequate relief. *See Leininger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 44 (Ohio 2007). Because the parties did not brief this issue, the matter is best left for consideration on summary judgment.

### B. Unlawful Aiding, Abetting, and Inciting of Discrimination

In Count VIII of her complaint, Little alleges that defendants Brecher and Nelson "aided, abetted, incited, coerced, or compelled" both her discriminatory treatment and ultimate termination pursuant to Ohio Rev. Code § 4112.02(J). (Doc. No. 1 ¶¶ 151–57.) Defendants move to dismiss the aiding and abetting claim, arguing that Nelson and Brecher were not proper defendants under § 4112.02(J) on three bases. First, defendants argue that Ohio law does not permit suits against individual defendants because suits against individuals are restricted under Title VII. (Doc. No. 6, at 4–5.) Second, defendants argue that Ohio Rev. Code § 4112.08(A) demonstrates the Ohio General Assembly's "intent that individual supervisors, manager, or employees not be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices relating to employment." (*Id.* at 5 (citation omitted).) Third, defendants argue that Nelson and Brecher are not proper defendants because a corporation "cannot conspire with its own agents or employees." (*Id.* at 5–6 (citation omitted).) The Court will address each argument in turn.

First, "federal case law interpreting and applying Title VII is *generally* applicable to cases involving [Ohio Rev. Code Chapter 4112]." *Genaro v. Cent. Transp., Inc.*, 703 N.E.2d 782, 786 (Ohio 1999) (emphasis in original). This is because, in many instances, the federal and state statutes are analogous. *See id.* at 786–87. But where, as here, Ohio law departs from Title VII, the value of case law interpreting Title VII is diminished. *See id.* Title VII does not provide for liability for the actions of individual employees. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403–05 (6th Cir. 1997). Ohio law, specifically § 4112.02(J), does. *Hauser v. Dayton Police Dep't*, 17 N.E.3d 554, 558 (Ohio 2014) ("Even though R.C. 4112.02(A) imposes liability only upon an 'employer,' the General Assembly knows how to expressly impose liability on individuals, and it has done so [in § 4112.02(J)]."). Given this substantial and explicit difference, decisions limiting Title VII's application to employers do not similarly restrict the application of § 4112.02(J). *See Spahija v.*

8

*Rae-Ann Holdings, Inc.*, No. 1:22-cv-1986, 2022 WL 17993026, at *2–3 (N.D. Ohio Dec. 29, 2022) (dismissing Title VII claims brought against individual defendants but allowing claims against individual defendants under § 4112.02(J) to proceed); *see also Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 926–27 (N.D. Ohio 2022) (denying the plaintiff's motion to amend her complaint to add Title VII claims against individual defendants but allowing the plaintiff to add a claim against individual defendants pursuant to § 4112.02(J)).

Second, defendants argue that § 4112.08 reflects an intent of the Ohio General Assembly to ensure "that individual supervisors, managers, or employees not be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices relating to employment." (*See* Doc. No. 6, at 5 (quoting 2019 Ohio HB 352).) The 133rd General Assembly amended Chapter 4112 by adopting House Bill 352 (effective April 15, 2021). In addition to numerous other changes to Ohio employment and civil rights law, including redefining the term "employer" to exclude individuals who could previously be held liable for unlawful discriminatory practices under Chapter 4112, House Bill 352 declared the intent of the legislature to reduce individual liability of supervisors, managers, and employees by adopting an amended version of § 4112.08. 2019 Ohio HB 352.

Defendants quote from the second paragraph of § 4112.08(A), as amended by House Bill 352, as follows: "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment . . . against a supervisor, manager, or other employee of an employer." (Doc. No. 6, at 5.) From this portion of the statute alone, one might be inclined to agree that § 4112.08(A) restricts the type of aiding and abetting claim offered by Little in this case. But defendants have left something out. The second paragraph of § 4112.08(A), including the portion elided by defendants, reads:

9

> However, no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer. Nothing in this division abrogates statutory claims outside this chapter or any claims of liability that exist against an individual at common law.

The full text of § 4112.08(A) eliminates individual liability for only those discriminatory practices outlined in Ohio Rev. Code § 4112.01(A)(24)(a). It does not, as defendants argue, express the legislature's intent to eliminate all individual liability. Rather, it directs the reader to § 4112.02(A)(24)(a) to identify the claims to which it applies.

Section 4112.01(A)(24)(a) encompasses only unlawful discriminatory practices "prohibited by division (A), (B), (C), (E), or (F) of section 4112.02 of the Revised Code[.]" Notably, aiding and abetting claims pursuant to section 4112.02(J), along with retaliation claims under section 4112.02(I), are not among those listed. Accordingly, federal and state courts have consistently held that § 4112.08(A) does not restrict individual liability for claims not specifically enumerated in § 4112.01(A)(24)(a). *Williams*, 581 F. Supp. 3d at 927 (finding that H.B. 352 did not apply to aiding and abetting claims under § 4112.02(J)); *Spahija*, 2022 WL 17993026, at *3 (same); *Bostick v. Salvation Army*, 213 N.E.3d 730, 745 (Ohio Ct. App. 2023) (citing *Williams*, 581 F. Supp. 3d at 927) ("[W]e note that H.B. 352 does not extend to retaliation claims"). By its plain language, § 4112.08 does not eliminate individual liability for aiding and abetting claims.

Third, defendants argue that the intracorporate conspiracy doctrine bars plaintiff's aiding and abetting claims. (*See* Doc. No. 6, at 5–6.) The intracorporate conspiracy doctrine bars suits for conspiracy where multiple employees from the same entity, acting within the scope of their employment, conspire the deprive the plaintiff of her rights. *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019). But claims brought pursuant to § 4112.02(J) are not conspiracy claims. *Kelley v. Buckley*, 950 N.E.2d 997, 1016 (Ohio Ct. App. 2011) (distinguishing elements of civil

10

common law aiding and abetting claims from those of civil conspiracy claims); *In re Welding Fume Prod. Liab. Litig.*, 526 F. Supp. 2d 775, 807 (N.D. Ohio 2007) (same). A claim brought under § 4112.02(J) constitutes a discrete, statutory violation of Ohio law, complete with distinct elements that are not found in a civil conspiracy claim.

Even though Little does not allege a conspiracy, the defendants seem to rely on *Jackson* for the broader proposition that agents and employees of a corporation cannot be liable for aiding and abetting unlawful conduct of the corporation. (*See* Doc. No. 6, at 5–6.) But such reliance fails, as Ohio law provides that individual employees may be held liable for aiding and abetting discriminatory acts of their employer. *Evans v. Hillman Grp., Inc.*, No. 1:20-cv-41, 2021 WL 1140100, at *5 (S.D. Ohio Mar. 25, 2021) (citing *Siwik v. Cleveland Clinic Found.*, No. 1:17-cv-1063, 2019 WL 1040861, at 28 (N.D. Ohio Mar. 5, 2019)) ("Although an employee cannot aid and abet herself, an employee might be found individually liable under § 4112.02(j) for aiding, abetting, inciting, compelling, or coercing the unlawful employment practices of her employer."). The intracorporate conspiracy doctrine proves no bar to Little's aiding and abetting claim.

In sum, no changes in Ohio law have eliminated individual liability for claims brought pursuant to § 4112.02(J). Case law interpreting Title VII, while generally applicable to Chapter 4112, does not provide an analogue, and does not, therefore, limit the liability of individuals for claims brought pursuant to § 4112.02(J). The intracorporate conspiracy doctrine does not apply to the present case. Individual employees may properly be held liable for aiding and abetting discriminatory employment practices under § 4112.02(J). Defendants' motion to dismiss the aiding and abetting claim found in Count VIII of the complaint is DENIED.

11

## IV. CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED**.

Dated: April 8, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**